**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EXAMINATION BOARD OF ) <br> PROFESSIONAL HOME INSPECTORS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL ASSOCIATION OF ) <br> CERTIFIED HOME INSPECTORS and ) <br> NICKIFOR GROMICKO, ) <br> ) <br> Defendants. ) | No. 17 C 6640 <br><br> Judge Ronald A. Guzmán |

**MEMORANDUM OPINION AND ORDER**

Defendants filed three motions to dismiss, asserting (1) lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2); (2) improper venue, or, in the alternative, seeking to transfer this case to the District of Colorado, pursuant to Federal Rule of Civil Procedure 12(b)(3) and/or 28 U.S.C. § 1404; and (3) failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants defendants' motion to dismiss for lack of personal jurisdiction.

**BACKGROUND**

Plaintiff, Examination Board of Professional Home Inspectors ("EBPHI"), brought this action against the International Association of Certified Home Inspectors ("InterNACHI") and InterNACHI's founder and a member of its board of directors, Nickifor (Nick) Gromicko, alleging state-law claims of tortious interference with contract; tortious interference with business expectancy; defamation; and false-light invasion of privacy. EBPHI and InterNACHI are competitors in offering licensing examinations for real-estate inspectors. EBPHI alleges that, in a

forum on InterNACHI's website, defendants made false and defamatory statements that EBPHI's examination was a "scam" and "not . . . psychometrically valid," resulting in EBPHI losing business and suffering financial injury. (ECF No. 1, Compl.)

Subject-matter jurisdiction is based on diversity of citizenship. EBPHI is a nonprofit corporation incorporated in Illinois with a principal place of business in Florida. InterNACHI is a nonprofit corporation incorporated in Colorado with a principal place of business in Colorado. Gromicko is a citizen of Colorado.

InterNACHI and Gromicko assert that this Court lacks personal jurisdiction over them. In response to that motion, plaintiff sought, and the Court allowed, discovery related to personal jurisdiction. Defendants also assert improper and/or inconvenient venue and that plaintiff fails to state a claim. The Court limits its analysis to the personal-jurisdiction issue because it is dispositive.

**DISCUSSION**

The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). When a court relies solely on written materials to rule on a motion under Rule 12(b)(2), the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). "[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Id.*

"District courts exercising diversity jurisdiction apply the personal jurisdiction rules of the state in which they are located." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing, *inter alia*, 735 ILCS 2-209(c)).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *Id.* "General jurisdiction looks to the defendant's 'continuous and systematic' contacts with a state, whether or not the action is related to the contacts." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, and those contacts must be "directly related to the conduct pertaining to the claims asserted." *Id.* Although plaintiff's briefs fail to meaningfully develop legal arguments,[1] plaintiff appears to rely on both types of personal jurisdiction. (ECF No. 46, Pl.'s Suppl. Resp. Defs.' Mot. at 1-2 ("[T]his Court has personal

---

[1] In its initial response brief, plaintiff cited little substantive law on personal jurisdiction; it devoted much of its argument to seeking leave to conduct jurisdictional discovery, which the Court granted. The brief substantive argument plaintiff did present confused the standards for analyzing general and specific jurisdiction. In its supplemental brief, plaintiff recites a laundry list of facts about InterNACHI that it learned in discovery. It fails to discuss the legal import of those facts, other than stating in conclusory fashion: "Based on all of the above, there is no question that Defendants have specifically targeted Illinois and its citizens over many years," so "there can be no doubt that this Court has personal jurisdiction over the Defendants." (Pl.'s Suppl. Resp. Defs.' Mot. at 5.) It is not the Court's obligation to construct legal argument for a party, especially when it is represented by counsel. *330 W. Hubbard Rest. Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000) ("In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority.").

3

jurisdiction over Defendants because of their systematic contacts and specific targeting of the State of Illinois and its citizens in their business dealings.").

"General jurisdiction is 'all-purpose'; it exists only 'when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State.'" *Kipp*, 783 F.3d at 697-98 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 751 (2014)) (brackets omitted). A corporation is "at home" in the state of its principal place of business and the state of its incorporation. *Id.* at 698. These places are the equivalents of an individual's domicile. *Daimler*, 134 S. Ct. at 760. By these measures, defendants are "at home" in Colorado. Any additional locations would have to meet the stringent criteria set forth in *Daimler* and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). *See Kipp*, 783 F.3d at 698. Even "continuous activity of some sorts within a state" does not necessarily satisfy constitutional standards. *Goodyear*, 564 U.S. at 927-28.

Gromicko says that InterNACHI is a "trade association . . . [that] offers education, benefits, and support to its members." (ECF No. 21-1, Aff. of Nick Gromicko ¶ 4.) Over ninety percent of InterNACHI's revenue is derived from membership dues. (ECF No. 46-1, Dep. of Nick Gromicko at 20.) Illinois members make up 2.86 percent of InterNACHI's membership. (Aff. of Nick Gromicko ¶ 7.) InterNACHI has no employees, business partners, offices, real or personal property, or bank accounts in Illinois. (*Id.* ¶ 6.) It does not control the activities of its members in Illinois. (*Id.* ¶ 8.) Gromicko resides in Colorado; he does not own any property or maintain any assets in Illinois. (*Id.* ¶ 9.) He has not "set foot in Illinois in the last ten years." (*Id.*)

Plaintiff cites the following contacts between InterNACHI and Illinois: InterNACHI's website contains some web pages that provide licensing information specific to Illinois and identify six Illinois InterNACHI members who can assist with fulfilling inspection requirements;

4

InterNACHI offers to Illinois residents free online education courses; InterNACHI offers to Illinois resident members paid education courses, which consist of a hybrid of online instruction and classroom instruction conducted in Colorado; an InterNACHI member offers and conducts a live education course in Illinois, which is advertised on InterNACHI's website; InterNACHI provides instruction that is specific to Illinois standards of practice for inspectors; InterNACHI has a "Chicago Chapter" of members; InterNACHI announced in a press release that it had "partnered" with a Chicago-based realty company to develop and provide continuing-education courses for Illinois home inspectors; and in 2016 InterNACHI offered to "assume administrative responsibilities" for the Illinois-based American Society of Home Inspectors ("ASHI"). (Pl.'s Suppl. Resp. Defs.' Mot. at 2-5.) Defendants point out that InterNACHI has web pages tailored to licensing requirements for every state; offers courses to residents of every state; InterNACHI did not end up "partnering" with the Chicago-based realty company; and InterNACHI's offer to ASHI was not accepted. (ECF No. 37-1, Suppl. Aff. of Nick Gromicko ¶ 5a; Gromicko Dep. at 25-27, 42-43, 78, 88-96, 120-121.)

The evidence is that a small fraction of InterNACHI's members are in Illinois; one of its members teaches a class in Illinois; InterNACHI does some business in Illinois by offering educational courses to Illinois residents, as it does nationwide; and it has made attempts to do business with a few Illinois-based entities. These facts fall far short of demonstrating that InterNACHI has "continuous corporate operations" within Illinois that are "so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities." *See Daimler*, 134 S. Ct. at 761 (ellipsis and emphasis omitted). Neither InterNACHI nor Gromicko's contacts with Illinois indicate that they have the type of "at home" presence in Illinois that must exist in order to justify exercising general personal jurisdiction over them.

5

The Court next considers specific jurisdiction. "Adjudicatory authority is 'specific' when the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Goodyear*, 564 U.S. at 923-24 (quoting *Helicopteros,* 466 U.S. at 414 n.8) (brackets omitted). To establish specific personal jurisdiction, it is the defendant's "suit-related" conduct that must create the substantial connection with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). This suit arises out of allegedly defamatory statements that Gromicko posted on a forum on InterNACHI's website in response to a Texas resident's questions about home-inspector courses and licensing. (Compl. ¶ 15.) Plaintiff does not explain, and the Court does not perceive, how this allegedly tortious activity is connected with defendants' contacts with Illinois. Plaintiff suggests that specific jurisdiction exists because defendants knew that plaintiff is located in Illinois and therefore knew that their statements would therefore create harm in Illinois, (ECF No. 28, Pl.'s Consol. Resp. Defs.' Mots. at 7), but the Supreme Court has explicitly rejected the notion that mere injury to a forum resident is a sufficient connection to the forum. *See Walden v. Fiore*, --- U.S. ----, 134 S. Ct. 1115, 1125 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."); *see also Advanced Tactical*, 751 F.3d at 802 ("[A]fter *Walden* there can be no doubt that the plaintiff cannot be the only link between the defendant and the forum.") (internal quotation marks and citation omitted).

Plaintiff fails to meet its burden of proof with respect to establishing this Court's exercise of personal jurisdiction over defendants, so this action will be dismissed. The Court need not address defendants' motions to dismiss for improper venue and failure to state a claim.

## CONCLUSION

Defendants' motion to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) [17] is granted. All other pending motions are denied as moot. This action is dismissed without prejudice for lack of personal jurisdiction.

**DATE**:  April 11, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**